HAYNES AND BOONE, LLP
Elizabeth M. Weldon/Bar No. 0223452
  Elizabeth.Weldon@haynesboone.com
Haley R. Trudell/Bar No. 358373
  Haley.Trudell@haynesboone.com
600 Anton Boulevard, Suite 700
Cost Mesa, California 92626
T: (949) 202-3000 | F: (949) 202-3001


Attorney for Defendants
HOLIDAY HOSPITALITY FRANCHISING, LLC
and SIX CONTINENTS HOTELS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WGI PALM SPRINGS, LLC, a Delaware limited liability company; AMARJIT SHOKEEN, an individual; and RAMESH K. SHOKEEN, an individual, | Case No. 5:26-cv-001038 |
| *Plaintiffs*, | **DEFENDANTS HOLIDAY HOSPITALITY FRANCHISING, LLC AND SIX CONTINENTS HOTELS, INC.'S NOTICE OF REMOVAL OF ACTION (DIVERSITY – 28 USC §§ 1332 and 1441(a) & (b))** |
| v. | |
| HOLIDAY HOSPITALITY FRANCHISING, LLC, a Delaware limited liability company; SIX CONTINENTS HOTELS, INC., a Delaware corporation; and DOES 1 through 25, inclusive, | [Filed with Declaration of Jenny Tidwell in Support of Defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc.'s Notice of Removal] |
| *Defendants*. | |

## <u>NOTICE OF REMOVAL</u>

Defendants Holiday Hospitality Franchising, LLC ("HHFL") and Six Continents Hotels, Inc. ("SCH") hereby give notice of the removal of this action from the Superior Court of California, County of Riverside, to the United States District Court for the

Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441 & 1446 (the "Notice"). SCH is the direct parent and sole member of HHFL. SCH and HHFL, along with certain of their affiliates, do business as IHG® Hotels & Resorts (SCH and HHFL are referred to collectively as "IHG"). In support of this Notice, IHG states as follows:

## I.      NATURE OF SUIT

1.      On December 18, 2025, Plaintiffs WGI Palm Springs, LLC ("WGI"), Amarjit Shokeen, and Ramesh K. Shokeen (collectively "Plaintiffs") filed a complaint against IHG in the Superior Court of the State of California, County of Riverside, Riverside Hall of Justice captioned *WGI Palm Springs, LLC, a Delaware limited liability company; Amarjit Shokeen, an individual; and Ramesh K. Shokeen, an individual v. Holiday Hospitality Franchising, LLC a Delaware limited liability company; Six Continents Hotels, Inc., a Delaware corporation; and Does 1 through 25, inclusive*, Case No. CVRI2507185 (the "State Court Action"). Conformed copies of the complaint and summons were generated by the Court on or about January 26, 2026. Plaintiffs requested and received from IHG Acknowledgments of Service dated and signed on February 5, 2026. A true and correct copy of the Complaint in the State Court Action is attached hereto as ***Exhibit 1, Tab A*** (the "Complaint"). In addition to the Complaint, all other pleadings and accompanying materials filed in the State Court Action and available online are attached hereto:

      a.  The Summons is attached as Exhibit 1, Tab B;

      b.  The Certificate of Counsel is attached as Exhibit 1, Tab C;

      c.  The Civil Case Cover Sheet is attached as Exhibit 1, Tab D;

      d.  The Notice of Department Assignment is attached as Exhibit 1, Tab E;

      e.  The Notice of Case Management Conference is attached as Exhibit 1, Tab F.

2.      The State Court Action arises from and concerns an InterContinental Hotels & Resorts® Conversion License Agreement dated August 28, 2024 (the

"License Agreement") for the development and operation of an InterContinental Hotels & Resorts® brand hotel located at 1600 North Indian Canyon Drive, Palm Springs, California 92262 (the "Hotel") for a term of twenty-five years. The Complaint identifies and defines the License Agreement. The License Agreement requires Plaintiffs, among other things, to perform all necessary "Work" (as the term is defined in the License Agreement) to construct the Hotel.

3.     The Complaint seeks a declaratory judgment that the License Agreement is rescinded and/or unenforceable as conflicting with California law due to statements allegedly made by IHG's former Regional Franchise Development Vice President to fraudulently induce Plaintiffs to enter into the License Agreement. Plaintiffs also seek injunctive relief under California's Unfair Competition Law. Additionally, Plaintiffs assert claims for money damages.

## II.     TIMELINESS OF REMOVAL

4.     This Notice is timely pursuant to 28 U.S.C. § 1446(b) because service of the Complaint and Summons was effected by IHG (each SCH and HHFL) signing a notice and acknowledgement of receipt of the Complaint on February 5, 2026. Thus, this Notice is filed within 30 days after receipt by IHG, through service or otherwise, of a copy of the Complaint. A true and correct copy of the Notice and Acknowledgment of Receipt by Holiday Hospitality Franchising, LLC is attached hereto as **Exhibit 2**. A true and correct copy of the Notice and Acknowledgment of Receipt by Six Continents Hotels, Inc. is attached hereto as **Exhibit 3**.

## III.     BASIS FOR REMOVAL JURISDICTION: DIVERSITY JURISDICTION

5.     Removal of this action is proper under 28 U.S.C. § 1332 because Plaintiffs' Complaint is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states and SCH and HHFL are not citizens of California. 28 U.S.C. §§ 1332(a)(1-3), 1441(a) & (b), and 1446.

## A. The Amount in Controversy is Satisfied

6.    The totality of the relief that Plaintiffs purport to seek in this action well exceeds the $75,000 amount in controversy requirement to support diversity jurisdiction. Plaintiffs allege that they have sustained more than $7 million in operating losses and other costs resulting from the conduct alleged in the Complaint (which IHG denies). (Compl., ¶ 17.) Thus, on the face of Plaintiffs' pleading, this action satisfies the jurisdictional amount under § 1332.

7.    Additionally, Plaintiffs also seek a declaratory judgment regarding the enforceability of the License Agreement between the parties, and seeking rescission of the same. (*Id.*, ¶ 44.) The amount in controversy in an action seeking declaratory or injunctive relief "is measured by the value of the object of the litigation." *Sekhon v. BAC Home Loans Servicing, LP*, 519 Fed. Appx. 971, 972 (9th Cir. 2013) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1997)).

8.    The primary object of Plaintiffs' declaratory judgment action is to avoid a long-term hotel development and license agreement with a value of millions of dollars. Pursuant to the License Agreement that Plaintiffs seek to avoid, IHG reasonably expects to have the benefit of a new high-end resort operating in the System through at least October of 2052. IHG reasonably expects to be paid millions of dollars in franchise fees over the life of this Agreement. Thus, the value of the License Agreement is worth well in excess of $75,000.

9.    Under either view, the amount in controversy in this lawsuit seeking declaratory relief, in addition to unspecified damages, easily exceeds the required jurisdictional threshold of $75,000. 28 U.S.C. § 1446(c)(2).

## B. Diversity of Citizenship Exists

10.    Unlike corporations that are citizens of their state of organization and principal place of business, limited liability companies are citizens of every state of which any member is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437

- 4 -

F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

11. WGI Palm Springs, LLC is a Limited Liability Company organized under the laws of Delaware. *See* Compl. at ¶ 4. Upon information and belief based on information provided to IHG by WGI, Plaintiffs Amarjit Shokeen and Ramesh Shokeen are the sole members of WGI.

12. Plaintiff Amarjit Shokeen is an individual alleged in the Complaint to be a resident of California. *See* Compl. at ¶ 5. Upon information and belief based on information provided to IHG by Plaintiffs, A. Shokeen resides at 932 Rivas Canyon Road, Pacific Palisades, CA 90272, a residence that, upon information and belief, the Shokeens have owned for approximately a decade and upon which they have declared a Homeowners exemption, according to public records available through the Los Angeles County Assessor Portal. Defendants thus allege that, for purposes of diversity jurisdiction, A. Shokeen is a citizen of California.

13. Plaintiff Ramesh K. Shokeen is an individual alleged in the Complaint to be a resident of California. *See* Compl. at ¶ 6. Upon information and belief based on information provided to IHG by Plaintiffs, R. Shokeen resides at 932 Rivas Canyon Road, Pacific Palisades, CA 90272, a residence that, upon information and belief, the Shokeens have owned for approximately a decade and upon which they have declared a Homeowners exemption, according to public records available through the Los Angeles County Assessor Portal. Defendants thus allege that, for purposes of diversity jurisdiction, R. Shokeen is a citizen of California.

14. Accordingly, based on the citizenship of its members, the Shokeens, WGI is a citizen of California.

15. The citizenship of the fictional Doe defendants is to be disregarded. *See* 28 U.S.C. § 1441(b)(1) ("…the citizenship of defendants sued under fictitious names shall be disregarded.").

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
CASE NO. 5:26-cv-001038

16. HHFL is a limited liability company. SCH is the sole member of HHFL. SCH is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Declaration of Jenny Tidwell in Support of Defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc.'s Notice of Removal ¶ 3.) Thus, for the purpose of diversity jurisdiction, HHFL and SCH are citizens of Delaware and Georgia.

17. Complete diversity exists between Plaintiffs and HHFL and SCH.

18. Because this Court has jurisdiction pursuant to 28 U.S.C. § 1332, removal is proper under 28 U.S.C. § 1441.

## IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

19. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit 1**.

20. In accordance with 28 U.S.C. § 1446(d), this Notice is being filed with the Superior Court of the State of California, County of Riverside, and shall be served on Plaintiffs. A true and correct copy of the removal notice, excluding exhibits, to be filed with the Superior Court of the State of California, County of Riverside, is attached hereto as **Exhibit 4**.

21. This Court is the federal district embracing the Superior Court of the State of California, County of Riverside, where the State Court Action was originally filed. *See* 28 U.S.C. § 1446(a).

## V. NON-WAIVER OF DEFENSES

22. By removing this action, IHG does not waive any defenses or arguments available to it in response to this action, including without limitation defenses to this action available under Federal Rule of Civil Procedure 12(b).

23.    By removing this action, IHG does not admit any of the allegations contained in Plaintiffs' Complaint and does not admit that Plaintiffs are entitled to any of the relief sought in the Complaint.

WHEREFORE, for the foregoing reasons, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Accordingly, IHG respectfully requests that this action proceed in this Court.

Respectfully submitted this 5th day of March, 2026.

Respectfully submitted,

HAYNES AND BOONE, LLP


/s/ Elizabeth M. Weldon

Elizabeth M. Weldon
Haley R. Trudell
*Attorneys for Defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc.*

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
CASE NO. 5:26-cv-001038

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred.  My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On March 5, 2026, I served the following document, entitled **DEFENDANTS HOLIDAY HOSPITALITY FRANCHISING, LLC AND SIX CONTINENTS HOTELS, INC.'S NOTICE OF REMOVAL OF ACTION (DIVERSITY – 28 USC §§ 1332 and 1441(a) & (b))**, on the interested party in this action, addressed as follows, and in the manner so indicated:

| | |
|---|---|
| BlankRome LLP | Attorneys for Plaintiffs |
| Mark S. Adams | WGI Palm Springs LLC |
|   mark.adams@blankrome.com | Amarjit Shokeen |
| Joseph J. Mellema | Ramesh K. Shokeen |
|   joseph.mellema@blankrome.com | |
| Edward A. Danielyan | |
|   edward.danielyan@blankrome.com | |
| 4 Park Plaza, Suite 450 | |
| Irvine, CA 92614 | |
| Tel: (949) 812-6036 | |

☒     **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery by Federal Express.  Under that practice, such document was deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒     **(BY ELECTRONIC DELIVERY)** I served a true and correct copy of such document by electronic delivery to the email addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 5, 2026, at Costa Mesa, California.

*/s/ Diana Gilkey*
Diana Gilkey

CERTIFICATE OF SERVICE
CASE NO. 5:26-cv-001038