# EXHIBIT 1

# EXHIBIT 1 INDEX

*TAB A*        Complaint

*TAB B*        Summons

*TAB C*        Certificate of Counsel

*TAB D*        Civil Case Cover Sheet

*TAB E*        Notice of Department Assignment

*TAB F*        Notice of Case Management Conference

# TAB A

Electronically FILED by Superior Court of California, County of Riverside on 12/18/2025 10:11 PM
Case Number CVRI2507185 0000151640067 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

1  JEFFER MANGELS BUTLER & MITCHELL LLP
   MARK S. ADAMS (Bar No. 125485)
2  *markadams@jmbm.com*
   JOSEPH J. MELLEMA (Bar No. 248118)
3  *jmellema@jmbm.com*
   EDWARD A DANIELYAN (Bar No. 329248)
4  *EDanielyan@jmbm.com*
   3 Park Plaza, Suite 1100
5  Irvine, California 92614-2592
   Telephone: (949) 623-7200
6  Facsimile: (949) 623-7202

7  Attorneys for Plaintiffs WGI Palm Springs LLC
   Amarjit Shokeen, and Ramesh K. Shokeen

8

           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

         **COUNTY OF RIVERSIDE, RIVERSIDE HALL OF JUSTICE**

10

                        **(Unlimited Civil Case)**

11

| | |
|---|---|
| WGI PALM SPRINGS LLC, a Delaware limited liability company; AMARJIT SHOKEEN, an individual; and RAMESH K. SHOKEEN, an individual, | Case No.  CVRI2507185 |
| | Complaint for: |
| Plaintiffs, | 1.  Violation of the California Franchise Investment Law (Cal. Corp. Code §§ 31200, 31201, 31202; Civil Liability §§ 31300–31306) |
| v. | 2.  Fraudulent Inducement/Intentional Misrepresentation |
| HOLIDAY HOSPITALITY FRANCHISING, LLC, a Delaware limited liability company; SIX CONTINENTS HOTELS, INC., a Delaware corporation; and DOES 1 through 25, inclusive, | 3.  Negligent Misrepresentation |
| | 4.  Violation of California Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.) |
| Defendants. | 5.  Rescission/Restitution |
| | 6.  Declaratory and Injunctive Relief |
| | **Jury Trial Demanded** |

24      Plaintiffs WGI PALM SPRINGS LLC, AMARJIT SHOKEEN and RAMESH K.

25  SHOKEEN allege, as follows:

26  / / /

27  / / /

28  / / /

COMPLAINT

## I.    __INTRODUCTION__

1.    This action arises from unlawful and deceptive financial performance representations and omissions by defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc. (collectively, "IHG") made to induce plaintiffs WGI Palm Springs LLC and its guarantors to enter the InterContinental Hotels & Resorts Conversion License Agreement ("License") for the Palm Springs property on August 28, 2024. In the weeks leading up to execution of the License, IHG's Regional Franchise Development Vice President, Catie Cramer, served as IHG's primary representative and provided WGI with off-Item-19 profit-and-loss projections by text message, including photographs of IHG's proprietary forecast screen, and affirmatively characterized IHG's projections as understated—"They're always conservative so I feel even better." Those internal projections reflected expected performance exceeding $60 million in annual revenues, were described as "conservative" and easily exceedable, and were coupled with sales messaging touting "UNLIMITED unmet demand" and "endless potential" in the Palm Springs market. These off-document projections and credibility gloss fall squarely outside Item 19 of the FDD and IHG's "Supplemental Earnings Claim Statement" process.

2.    Additionally, IHG represented it would accommodate a phased property improvement plan ("PIP") to allow sustainable debt service, staged ramp-up, and funding of later improvements from operations and brand support, including the release of key money upon conversion. Plaintiffs reasonably relied on these statements in underwriting, debt-raising, and executing the License and related agreements. Defendants' conduct violates the California Franchise Investment Law, the FTC Franchise Rule (as an "unlawful" predicate to the UCL), and California common-law fraud and negligent misrepresentation.

3.    Plaintiffs seek rescission and restitution, damages (including punitive damages for fraud), and declaratory and injunctive relief.

## II.    __PARTIES__

4.    Plaintiff WGI Palm Springs LLC ("Plaintiff" or "WGI") is a Delaware limited liability company with its principal business activities in California. WGI is the fee owner of the hotel located at 1600 North Indian Canyon Drive, Palm Springs, California 92262, and is the

1    franchisee/licensee under the License executed on August 28, 2024.

2          5.    Plaintiff Amarjit Shokeen ("Amarjit") is an individual residing in California. He is

3    a member of WGI Palm Springs LLC and a guarantor under the License and related agreements.

4          6.    Plaintiffs Ramesh K. Shokeen ("Ramesh") is an individual residing in California.

5    He is a member of WGI Palm Springs LLC and a guarantor under the License and related

6    agreements.

7          7.    Defendant Holiday Hospitality Franchising, LLC, doing business as part of the

8    InterContinental Hotels Group, is a Delaware limited liability company with principal offices in

9    Georgia. Holiday Hospitality Franchising, LLC offers and sells franchises in California and

10   transacts substantial business in this State and County.

11          8.    Defendant Six Continents Hotels, Inc. is a Delaware corporation and the sole

12   managing member and/or parent of Holiday Hospitality Franchising, LLC. It transacts substantial

13   business in California and is responsible for brand standards, franchise development, and

14   operations material to this action.

15          9.    The IHG personnel involved in the transaction involving the License, including the

16   Regional Franchise Development Vice President, Catie Cramer, acted for and on behalf of both

17   defendants, subject to Six Continents' oversight and approval processes.

18          10.   The true names and capacities, whether individual, corporate, associate, or

19   otherwise, of defendants sued herein as DOES 1 through 25 are unknown to Plaintiffs, who

20   therefore sue such defendants by such fictitious names. Plaintiffs will amend this Complaint to

21   allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and

22   on that basis allege, that each of the DOE defendants is responsible in some manner for the

23   occurrences herein alleged and that Plaintiffs' damages as herein alleged were proximately caused

24   by such defendants.

25          11.   At all relevant times, each Defendant was the agent, ostensible agent, servant,

26   employee, alter ego, partner, joint venturer, aider and abettor, and/or co-conspirator of each other

27   Defendant, and in doing the things hereinafter alleged, acted within the course and scope of such

28   agency, employment, relationship, and authority, and/or ratified, authorized, approved, or adopted

JMBM Jeffer Mangels Butler & Mitchell LLP

1    the acts of the others.

2    **III.    JURISDICTION AND VENUE**

3        12.    This Court has subject-matter jurisdiction because this is an unlimited civil action

4    and the amount in controversy exceeds $25,000, exclusive of interests and costs. Venue is proper

5    in Riverside County under Code of Civil Procedure § 395 because a substantial part of the events

6    or omissions giving rise to the claims occurred in this County and the subject hotel is located here.

7    This Court has personal jurisdiction over Defendants under Code of Civil Procedure § 410.10

8    because Defendants purposefully availed themselves of the privilege of conducting activities in

9    California by offering and selling a franchise to operate in California and by transacting

10   substantial business in California. California's Franchise Investment Law ("CFIL") contains

11   anti-waiver provisions rendering unenforceable any agreement purporting to waive compliance or

12   to select a forum or law that would deprive California franchisees of CFIL protections in

13   connection with a franchise offered or sold in California.

14   **IV.    FACTUAL ALLEGATIONS**

15       13.    In the weeks leading up to execution of the License, IHG's Regional Franchise

16   Development Vice President, Catie Cramer ("Cramer"), served as IHG's primary representative in

17   all communications with WGI and acted within the scope of authority IHG conferred to negotiate

18   the conversion transaction and transmit Franchise Disclosure Documents ("FDD"). On or about

19   May 31, 2024, Cramer provided WGI with off-Item-19 profit-and-loss projections by text

20   message, including photographs of IHG's proprietary forecast screen, and affirmatively

21   characterized IHG's projections as understated—"They're always conservative so I feel even

22   better." Those internal projections reflected expected performance exceeding $60 million in

23   annual revenues, were described as "conservative" and easily exceedable, and were coupled with

24   sales communications on or about May 23, 2024, touting "UNLIMITED unmet demand" and

25   "endless potential" in the Palm Springs market.

26       14.    Prior to delivering the FDD, IHG transmitted off-Item 19 revenue projections by

27   text message, which served as the basis for WGI's internal underwriting and debt-raising efforts

28   and were relied upon in executing the letter of intent to acquire the property—pressuring WGI to

1  lock up the deal more quickly and at the high end of the property's valuation range in order to

2  secure the purported opportunity being offered by IHG and eliminating other meaningful

3  alternatives. Notwithstanding its guarded written process (including a "Supplemental Earnings

4  Claim Statement" that purported to confine financial performance representations to written Item

5  19 content and a centralized process), IHG—through Cramer—made precisely the kind of

6  off-document, deal-inducing financial performance representations that the FDD framework is

7  designed to restrict.

8      15.    Cramer also represented that IHG would accommodate a phased property

9  improvement plan ("PIP"), and WGI understood the phasing would allow for sustainable levels of

10  debt, opening and ramp-up of revenue, and funding for later improvements through operating cash

11  flow and key money released upon conversion. WGI relied on these assurances in underwriting

12  and investment decision-making, and in proceeding toward execution of the License—incurring

13  multimillion-dollar obligations, including a full-recourse acquisition loan personally guaranteed

14  by WGI's principals, Plaintiff Amarjit and Plaintiff Ramesh.

15      16.    On August 28, 2024, relying on the foregoing, WGI executed the License for the

16  Palm Springs property, together with the California addendum and related addenda, including a

17  Second Addendum providing pre-conversion system access under an SP chain code, an "Ad

18  Assist" letter, and a PIP with milestone obligations through October 1, 2027. The License and

19  addenda impose substantial fees, brand standards, milestone compliance, de-identification

20  obligations, and liquidated-damages provisions. The California addendum acknowledges that

21  certain liquidated-damages provisions may be unenforceable under California Civil Code § 1671

22  and that Georgia choice-of-law or forum provisions may not be enforceable for a California

23  franchise sale.

24      17.    After the closing, IHG repudiated the representations on which Plaintiffs had relied.

25  Cramer abruptly departed IHG without transition. As a direct result of these misrepresentations

26  and subsequent reversals, WGI has sustained operating losses exceeding $7 million, together with

27  millions in design and architectural expenditures and ongoing escalation costs, and the property's

28  brand contribution remains materially below pre-acquisition expectations—well below the levels

1    forecasted by the model IHG presented to WGI.

2         18.    Defendants knew or should have known that providing profit and loss projections

3    in the manner they did violated California law and the FTC Franchise Rule, and was inconsistent

4    with Defendants' own Item 19 and "Supplemental Earnings Claim Statement." The offending

5    statements were made by an IHG officer responsible for franchise development who also signed

6    the formal earnings-claim paper—clearly demonstrating her authority and agency. Plaintiffs would

7    not have proceeded on the same terms but for IHG's unlawful and misleading earnings claims and

8    related assurances.

9         19.    Plaintiffs WGI, Amarjit, and Ramesh suffered injury in fact and lost money and/or

10   property as a result of Defendants' conduct. WGI incurred out-of-pocket losses, fees, assessments,

11   capital expenditures, and operating deficits induced by Defendants' misrepresentations and

12   statutory violations. Amarjit and Ramesh incurred liability and exposure as personal guarantors,

13   suffered loss of capital contributions and credit capacity, and are jointly and severally responsible

14   for debts and obligations undertaken in reliance on Defendants' unlawful and misleading

15   statements.

16                              **FIRST CAUSE OF ACTION**

17              **(Violation Of The California Franchise Investment Law (Cal. Corp.**

18              **Code §§ 31200, 31201, 31202; Civil Liability §§ 31300–31306) Against**

19              **Defendants Holiday Hospitality Franchising, LLC and Six Continents**

20                         **Hotels, Inc., and DOES 1–5)**

21        20.    Plaintiff WGI incorporates by reference paragraphs 1 to 19 as if alleged herein.

22        21.    In connection with the offer and sale of a franchise in California, Defendants made

23   untrue statements of material fact and omitted material facts necessary to make the statements

24   made not misleading, including by providing off-Item-19 financial performance representations by

25   text message and by vouching that IHG's projections were "always conservative."

26        22.    Defendant Six Continents materially aided the offer and sale of the franchise within

27   the meaning of Corporations Code §§ 31300–31306 by directing franchise development activities,

28   maintaining and enforcing the earnings-claim policies, approving the transaction, and ratifying the

1  off-Item 19 financial performance representations used to induce Plaintiff WGI.

2      23.     Defendants' conduct violated California Corporations Code §§ 31200, 31201, and

3  31202.

4      24.     Pursuant to §§ 31300–31306, Plaintiff WGI is entitled to rescission, restitution,

5  damages, interest, reasonable attorneys' fees, and costs from the franchisor entities and from any

6  persons who materially aided the sale.

7                          **SECOND CAUSE OF ACTION**

8                   **(Fraudulent Inducement/Intentional Misrepresentation**

9              **Against Defendants Holiday Hospitality Franchising, LLC and**

10                 **Six Continents Hotels, Inc., and DOES 3–10)**

11     25.     Plaintiffs incorporate by reference paragraphs 1 to 19 as if alleged herein.

12     26.     Defendants knowingly or recklessly made false representations of material fact,

13  including off-item 19 profit and loss projections purportedly showing annual revenues exceeding

14  $60 million; assurances that the projections were "always conservative" and understated; sales

15  messaging touting "UNLIMITED unmet demand" and "endless potential"; and, assurances

16  regarding phased PIP accommodation enabling sustainable ramp-up and funding of later

17  improvements -- all intending to induce Plaintiffs to execute the License and related agreements

18  and to undertake substantial obligations and expenditures.

19     27.     At the time the statements were made, they were false and/or misleading because

20  they were not based on reasonable assumptions and omitted known brand constraints and demand

21  realities, including redemption reimbursement economics, brand.com lift, ramp timing, and comp-

22  set performance.

23     28.     Plaintiffs justifiably relied on Defendants' misrepresentations and omissions, which

24  were a substantial factor in causing Plaintiffs' injuries, including out-of-pocket losses, operating

25  deficits, capital expenditures, and exposure under full-recourse guaranties and other obligations.

26     29.     Defendants acted with malice, oppression, or fraud, thereby entitling Plaintiffs to

27  punitive damages under Civil Code § 3294.

28  / / /

JMBM | Jeffer Mangels Butler & Mitchell LLP

JMBM | Jeffer Mangels Butler & Mitchell LLP

### THIRD CAUSE OF ACTION

**(Negligent Misrepresentation Against Defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc., and DOES 7–15)**

30.     Plaintiffs incorporate by reference paragraphs 1 to 19 as if alleged herein.

31.     In the alternative to the Second Cause of Action, Defendants made the above representations without reasonable grounds for believing them to be true and intended Plaintiffs to rely on them.

32.     Plaintiffs justifiably relied on the representations and suffered damages proximately caused by such reliance, including out-of-pocket losses, operating deficits, and capital expenditures.

### FOURTH CAUSE OF ACTION

**(Violation of the Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.) Against Defendants Holiday Hospitality Franchising, LLC and Six Continents Hotels, Inc., and DOES 12–15)**

33.     Plaintiffs incorporate by reference paragraphs 1 to 19 as if alleged herein.

34.     Defendants engaged in unlawful, unfair, and fraudulent business acts or practices, including violations of the CFIL and the FTC Franchise Rule regulating financial performance representations.

35.     Defendants' ad hoc, off-protocol earnings claims and related sales practices were likely to deceive and did deceive Plaintiffs.

36.     Plaintiffs seek restitution from Defendants and any affiliate that received the fees and charges at issue, including Six Continents.

37.      Plaintiffs also seek injunctive relief prohibiting Defendants from making financial performance representations outside Item 19 and without complying with California law, and enjoining Defendants from using unfair leverage or retaliatory tactics in connection with Plaintiffs' ongoing franchise relationship.

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Rescission/Restitution Against Defendants Holiday Hospitality**

**Franchising, LLC and Six Continents Hotels, Inc., and DOES 13–20)**

38.    Plaintiffs incorporate by reference paragraphs 1 to 19 as if alleged herein.

39.    Plaintiffs are entitled to rescind the License and all related agreements, including the California addendum, the Second Addendum (SP chain code), the PIP obligations, and the "Ad Assist" letter, based on Defendants' statutory violations and fraudulent inducement. This includes rescission of the personal guarantees and obligations incurred by Amarjit and Ramesh.

40.    By this pleading, Plaintiffs tender and/or offer to restore benefits received to the extent required by law, subject to equitable setoffs and the Court's power to award rescissory relief.

41.    Plaintiffs seek restitution of all consideration paid, rescissory and consequential damages, and such equitable relief as is necessary to restore the status quo ante.  This claim is pled in the alternative to damages-based claims to the extent necessary to avoid inconsistent remedies.

**SIXTH CAUSE OF ACTION**

**(Against Defendants Holiday Hospitality Franchising, LLC and Six**

**Continents Hotels, Inc., and DOES 17–25)**

42.    Plaintiffs incorporate by reference paragraphs 1 to 19 as if alleged herein.

43.    An actual, present controversy exists between the parties as to their respective rights and obligations under the License and related agreements, including the enforceability of choice-of-law, forum selection, liquidated-damages, milestone default, and de-identification provisions in light of California's CFIL anti-waiver protections and Defendants' unlawful inducement.

44.    Plaintiffs seek a judicial declaration that the License and related agreements are rescinded and/or unenforceable to the extent they conflict with California law and public policy, including CFIL's anti-waiver provisions. This includes rescission of the personal guarantees and obligations incurred by Amarjit and Ramesh.

/ / /

45.     Plaintiffs further seek preliminary and permanent injunctive relief to prevent Defendants from de-listing the property, terminating services, or otherwise taking retaliatory actions during the pendency of this action that would cause irreparable harm, including loss of goodwill, reputational harm, and operational disruption. Money damages are inadequate to remedy the specific harms associated with service cut-offs, brand de-identification, and market confusion.

46.     Plaintiffs are likely to succeed on the merits, will suffer irreparable harm absent an injunction, the balance of equities favors Plaintiffs, and the public interest supports enforcement of California's franchise laws.

## V.    DAMAGES AND RELIEF

47.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, including out-of-pocket losses, operating deficits, fees and charges paid to Defendants and their vendors, capital expenditures made in reliance, lost profits or benefit-of-the-bargain damages as permitted by law, rescissory damages, restitution, and consequential damages. Amarjit and Ramesh have personally suffered money or property injury, including liability and payments under full-recourse guaranties, exposure of pledged collateral, and adverse credit and financial impacts.

48.     Plaintiffs seek exemplary and punitive damages for Defendants' fraudulent conduct.

49.     Plaintiffs also seek reasonable attorneys' fees and costs where authorized, and pre- and post-judgment interest.

## VI.    PRAYER

50.     Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

A.     For rescission of the License and all related agreements, including the California addendum, the Second Addendum (SP chain code), the PIP obligations, and the "Ad Assist" letter;

B.     For restitution and rescissory damages restoring all consideration paid and expenses incurred, together with consequential damages according to proof;

JMBM | Jeffer Mangels
Butler & Mitchell LLP

C.    For general, special, and compensatory damages in an amount according to proof;

D.    For punitive and exemplary damages for fraudulent inducement;

E.    For a judicial declaration of the parties' rights and obligations consistent with California law, including the applicability of CFIL and the unenforceability of contrary choice-of-law or forum provisions as to California franchise claims;

F.    For restitution and injunctive relief under the Unfair Competition Law;

G.    For reasonable attorneys' fees and costs as provided by law;

H.    For pre- and post-judgment interest at the maximum rate allowed by law; and

I.    For such other and further relief as the Court deems just and proper.

## VII.    DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable. Any contractual pre-dispute jury trial waiver is unenforceable under California law.

DATED:  December 18, 2025          JEFFER MANGELS BUTLER & MITCHELL LLP
                                    MARK S. ADAMS
                                    JOSEPH J. MELLEMA
                                    EDWARD A DANIELYAN


By: _____
              MARK S. ADAMS
    Attorneys For Plaintiffs WGI Palm Springs LLC
     Amarjit Shokeen, and Ramesh K. Shokeen

# TAB B

Case 5:26-cv-01038 Document 1 Filed 03/05/26 Page 16 of 31 Page ID #:24

Electronically FILED by Superior Court of California, County of Riverside on 12/18/2025 10:11 PM
Case Number CVRI2507185 0000151514000 Jason B Galkin, Executive Officer/Clerk of the Court By Jackie Blackwell, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOLIDAY HOSPITALITY FRANCHISING, LLC, a Delaware limited liability
company; SIX CONTINENTS HOTELS, INC., a Delaware corporation; and
DOES 1 through 25, inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WGI PALM SPRINGS LLC, a Delaware limited liability company; AMARJIT
SHOKEEN, an individual; and RAMESH K. SHOKEEN, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* | CASE NUMBER:<br>*(Número del Caso:)*<br>CVRI2507185 |
|---|---|

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF RIVERSIDE
~~Riverside Hall of Justice~~
~~4100 Main St.~~
~~Riverside, CA 92501~~

Riverside Historic Courthouse
4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Mark S. Adams (949) 623-7200
3 Park Plaza, Suite 1100
Irvine, California 92614-2592

| DATE: December 18, 2025 | Clerk, by | J Blackwell | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*


[SEAL]
GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# TAB C

Electronically FILED by Superior Court of California, County of Riverside on 12/18/2025 10:11 PM
Case Number CVRI2507185 0000151640070 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
Mark S. Adams (#125485) & Joseph J. Mellema (#248118)
Jeffer Mangels Butler & Mitchell LLP
3 Park Plaza, Suite 1100, Irvine CA, 92614

TELEPHONE NO: 949-623-7200      FAX NO. (Optional): 949-623-7202
E-MAIL ADDRESS (Optional): markadams@jmbm.com & jmellema@jmbm.com
ATTORNEY FOR (Name): WGI Palm Springs LLC, et al.

*FOR COURT USE ONLY*

PLAINTIFF/PETITIONER: WGI PALM SPRINGS LLC, et al.

DEFENDANT/RESPONDENT: HOLIDAY HOSPITALITY FRANCHISING, LLC, et al.

CASE NUMBER:
CVRI2507185

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92262_____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date December 18, 2025_____

Mark S. Adams_____      ►    _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]
(Reformatted 07/08/24)
**CERTIFICATE OF COUNSEL**
Local Rule 3117
riverside.courts.ca.gov

# TAB D

Electronically FILED by Superior Court of California, County of Riverside on 2/18/2025 10:11 AM
Case Number CVRI2507185 0000151640068 - Jason B. Galkin, Executive Officer/Clerk of the Court By anette Blackwell, Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Mark S. Adams (#125485) & Joseph J. Mellema (#248118)<br>Jeffer Mangels Butler & Mitchell LLP<br>3 Park Plaza, Suite 1100, Irvine CA, 92614<br>TELEPHONE NO.: 949-623-7200   FAX NO.: 949-623-7202<br>EMAIL ADDRESS: markadams@jmbm.com & jmellema@jmbm.com<br>ATTORNEY FOR *(Name)*: WGI Palm Springs LLC, et al. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: ~~4100 Main St.~~
MAILING ADDRESS:                Riverside Historic Courthouse
                               4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501     Riverside, CA 92501
BRANCH NAME: ~~RIVERSIDE HALL OF JUSTICE~~

CASE NAME: WGI Palm Springs LLC, et al. v. HOLIDAY HOSPITALITY
FRANCHISING, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited *(Amount demanded exceeds $35,000)*   ☐ Limited *(Amount demanded is $35,000 or less)* | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2507185 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☒ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 18, 2025

Mark S. Adams
_____   ▶   _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# TAB E

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2507185

**Case Name:**   WGI PALM SPRINGS LLC vs HOLIDAY HOSPITALITY FRANCHISING, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Eric A Keen in Department 6  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 01/26/2026

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:  _____

J. Blackwell, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# TAB F

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2507185

**Case Name:**   WGI PALM SPRINGS LLC vs HOLIDAY HOSPITALITY FRANCHISING, LLC

MARK S. ADAMS
3 PARK PLAZA SUITE 1100
Irvine, CA 92614

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/27/2026 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2507185

**Case Name:**   WGI PALM SPRINGS LLC vs HOLIDAY HOSPITALITY FRANCHISING, LLC

WGI PALM SPRINGS LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/27/2026 | 8:30 AM | Department 6 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2507185

**Case Name:**    WGI PALM SPRINGS LLC vs HOLIDAY HOSPITALITY FRANCHISING, LLC

AMARJIT SHOKEEN,

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/27/2026 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2507185

**Case Name:**    WGI PALM SPRINGS LLC vs HOLIDAY HOSPITALITY FRANCHISING, LLC

RAMESH . K SHOKEEN

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/27/2026 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2507185

**Case Name:**    WGI PALM SPRINGS LLC vs HOLIDAY HOSPITALITY FRANCHISING, LLC

HOLIDAY HOSPITALITY FRANCHISING, LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/27/2026 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2507185

**Case Name:**    WGI PALM SPRINGS LLC vs HOLIDAY HOSPITALITY FRANCHISING, LLC

SIX CONTINENTS HOTELS, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/27/2026 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2507185

ADAMS, MARK S.
3 PARK PLAZA SUITE 1100
Irvine, CA 92614


SHOKEEN,, AMARJIT


HOLIDAY HOSPITALITY FRANCHISING,
LLC

WGI PALM SPRINGS LLC


SHOKEEN, RAMESH . K


SIX CONTINENTS HOTELS, INC.